UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FEDMET RESOURCES CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant, ) <br> ) | **NON-CONFIDENTIAL** <br><br> Court No. 23-00117 |

**COMPLAINT**

1. Plaintiff, Fedmet Resources Corporation, by and through its counsel, hereby alleges and states as follows:

**SUMMARY AND NATURE OF THIS ACTION**

2. Plaintiff brings this action pursuant to 19 U.S.C. § 1516a(a)(2)(A)(ii) and (a)(2)(B)(vi) to contest certain aspects of the U.S. Department of Commerce's ("Commerce") final results of the covered merchandise inquiry ("CMI") arising from the 19 U.S.C. § 1517(b)(4) covered merchandise referral in the U.S. Customs and Border Protection ("CBP") remand proceeding of Enforce and Protect Act ("EAPA") Case No. 7412 with regard to the imports of Fedmet Resources Corporation ("Fedmet"). *Certain Magnesia Carbon Bricks*

*From the People's Republic of China: Final Determination in Covered Merchandise*, 88 Fed. Reg. 28,495 (Dep't Commerce May 4, 2023) ("CMI Final Results"), and accompanying Issues and Decision Memorandum.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c) because this action is commenced pursuant to 19 U.S.C. § 1516a.

## PARTIES AND STANDING

4. Plaintiff is an importer to the United States of Magnesia Alumina Carbon Bricks ("MAC bricks" or "MACBs") from China who was alleged in the course of the EAPA proceeding to have imported Magnesia Carbon Bricks ("MCBs") from China. Plaintiff was a party the CBP EAPA Case No. 7412 and its administrative review H316212 pursuant to 19 C.F.R. § 165.1. Plaintiff is also the Plaintiff in the appeal to this Court of the decisions in those EAPA cases, *Fedmet v. United States*, Court No. 21-248, which is currently stayed pending the results of CBP's remand results in, EAPA Case No. 7703. Order, *Fedmet v. United States*, Court No. 21-248 (Jan. 6, 2022), ECF 38. Plaintiff participated in that EAPA remand, as well as the CMI proceeding before Commerce after CBP's covered merchandise referral.

Plaintiff is therefore an interested party within the meaning of 19 U.S.C. § 1516a(f)(3), and has standing pursuant to 28 U.S.C. § 2631(c) to commence this action.

## TIMELINESS OF THE ACTION

5. Commerce mailed the CMI Final Results to parties to the proceeding on May 12, 2023. Plaintiff timely filed a Summons on June 8, 2023, within thirty days after the date of mailing of the CMI Final Results pursuant to 19 U.S.C. § 1516a(a)(2)(A)(ii) and 19 C.F.R. § 351.227(e)(2)(i). This Complaint is filed within thirty days of the filing of the Summons, in accordance with Rule 3(a)(2) of the Rules of this Court.

## STATEMENT OF FACTS

6. In July 2009 Resco Products, Inc. ("Resco" or "Petitioner"), filed a petition that antidumping and countervailing duties be imposed on MCBs from China. MCBs are a type refractory brick used in steelmaking to line the walls of steel furnaces and ladles. The petition stated that it covered only MCBs and was not intended to seek the imposition of antidumping and countervailing duties on other types of refractory bricks, including MAC bricks:

> There are several types of standard refractory bricks in addition to magnesia carbon, the subject of this petition. Among the most important are fired magnesite, fired bauxite, magnesia dolomite and *magnesia aluminum carbon brick.* {sic} Each of these bricks possess certain unique properties, which make their use highly preferred, and even required, for certain uses in the lining of steel, ceramic, and other furnaces and holding vessels. The different types of bricks are not generally substitutable in a technical sense, due to varying chemical and physical properties and wear characteristics.

Certain Magnesia Carbon Bricks from the People's Republic of China and Mexico; Petition for the Imposition of Antidumping and Countervailing Duties Pursuant to the Tariff Act of 1930, As Amended, Case Nos. A-570-954 and C-570-955 (July 29, 2009) at 10 (emphasis added).

7. Resco reaffirmed the exclusion of MAC bricks from the scope in multiple subsequent communications with Commerce and the U.S. International Trade Commission ("ITC") over the course of those investigations. *See generally Fedmet Resources Corp. v. United S*tates, 755 F.3d 912, 914-16 (Fed. Cir. 2014). At the conclusion of the investigations, Commerce issued antidumping and countervailing duty orders on MCBs. *Certain Magnesia Carbon Bricks From Mexico and the People's Republic of China: Antidumping Duty Orders*, 75 Fed. Reg. 57,257 (Dep't Commerce Sept. 20, 2010); *Certain Magnesia Carbon*

4

*Bricks from the People's Republic of China: Countervailing Duty Order*, 75 Fed. Reg. 57,442 (Dep't Commerce Sept. 21, 2010) (collectively, "Orders").

8. Despite the express exclusion of MAC bricks from the petitions and the antidumping and countervailing duty investigations, the final scope language adopted in the Orders merely defined the subject merchandise as chemically-bonded refractory bricks composed of 70 percent or more magnesia and carbon (*i.e.*, graphite), together with other elements and additives. *Id.* MAC bricks, like subject MCBs, are also chemically bonded refractory bricks that often contain 70 percent or more magnesia, together with carbon. MAC bricks, however, contain added alumina, while MCBs do not contain alumina.

9. Because the Orders did not reflect the petitioner's express exclusion of MAC bricks, in May of 2011, Fedmet requested a scope ruling at Commerce confirming that Fedmet's Bastion MAC bricks were outside the scope of the Orders. Fedmet described its MAC bricks as containing "approximately 8 to 15 percent aluminum oxide," and provided an information bulletin showing that they contained approximately 10 percent alumina by weight along with a quality

5

certificate from a contracted Chinese manufacturer showing a sample brick as containing [     ] percent alumina per its own testing. Despite having excluded MAC bricks by name from its petition, Resco opposed Fedmet's scope ruling request, arguing that there was no such thing as a MAC brick, and claiming that Fedmet had "unilaterally created this so-called product and product name in order to specifically circumvent the scope of the orders." Letter to Sec'y Commerce from Doyle, Barlow & Mazard PLLC, "Antidumping and Countervailing Duty Orders on Certain Magnesia Carbon Bricks from People's Republic of China and Antidumping Duty Order on Magnesia Carbon Bricks from Mexico: Request for Scope Ruling," (Aug. 31, 2011) at 3.

    10. Following protracted litigation, the U.S. Court of Appeals for the Federal Circuit ("Court of Appeals") held that Fedmet's Bastion MAC bricks were outside the scope of the MCB Orders. The Court of Appeals emphasized Resco's role in the (k)(1) sources defining the orders to *expressly exclude all* MAC bricks:

> To put it simply, the question before this Court was asked and answered during the underlying investigations. Resco had an opportunity to clarify whether MAC bricks were included within the scope of the investigations, and it confirmed that they were not. In doing so, Resco chose to rely on industry terminology to

continue to define the subject merchandise and the domestic like product.

*Fedmet*, 755 F.3d at 920.  The Court of Appeals summarized that "because nothing in the (k)(1) sources detracts from the otherwise clear statements that *all* MAC bricks were excluded from the scope of the underlying investigations, we hold that the (k)(1) sources are dispositive of the question presented by Fedmet's scope ruling request," and concluding:  "Because Fedmet's bricks are MAC bricks, we hold that they are not covered merchandise."  *Id.* at 922 (emphasis in original).

11.   On June 18, 2015, Commerce issued an amended final scope ruling implementing the Court of Appeals' decision by excluding Bastion MAC bricks from the scope of the Orders:

> Accordingly, the Department finds that Fedmet's Bastion® MACBs as defined in its Scope Request as containing "approximately 8 to 15 percent aluminum oxide (chemical formula $Al_2O_3$), more commonly known as alumina, 3 to 15 percent carbon, 75 to 90 percent magnesia, as well as smaller amounts of silicon dioxide, calcium oxide, iron oxide, {and} titanium dioxide," are not subject to the Orders. Further, as the Department stated in Fedmet's Final Scope Ruling, the "scope ruling is limited to Fedmet Bastion MAC bricks, and is not intended to address all bricks designated as MAC bricks, in particular because there is no apparent industry standard for defining a MAC brick based upon the record of this case.

Final Results of Redetermination Pursuant to Court Remand Magnesia Carbon Bricks from the People's Republic of China and Mexico, *Fedmet Resources Corporation v. United States*, Court No. 12-00215 (Feb. 23, 2015) ("Fedmet Scope Ruling") at 7.  Significantly, in the remand proceedings, Resco argued for the first time that Commerce should re-open the record to admit evidence about the appropriately testing protocols, but Commerce expressly declined to do so.  *Id.* at 9-10.

    12.   In June 2017, Commerce reaffirmed that, in accordance with the decision of the Court of Appeal in *Fedmet*, all MAC bricks are outside the scope of the orders on MCBs from China.  Memorandum to Gary Taverman, Deputy Assistant Secretary, Antidumping and Countervailing Duty Operations from Edward C. Yang, Senior Director, Antidumping and Countervailing Duty Operations, Office VII, "Certain Magnesia Carbon Bricks from the People's Republic of China and Mexico: Final Scope Ruling – S&S Refractories," on record of Cases A-201-837, A-570-954, and C-570-955 (June 7, 2017) ("S&S Refractories Scope Ruling").  However, Commerce found that bricks imported from China by S&S Refractories, LLC were only be considered outside the scope of the Orders MAC bricks provided they contained at least 5

percent added alumina when measured using the x-ray refraction ("XRD") testing methodology. *Id.* Fedmet was not a party to the S&S Refractories scope proceeding, which only concerned imports of S&S Refractories' bricks.

13. On November 27, 2019, an *ad hoc* entity calling itself the Magnesia Carbon Bricks Fair Trade Committee ("MCBFTC"), of which Resco is a member, filed an EAPA allegation claiming Fedmet had entered subject MCBs from China into the United States without paying antidumping and countervailing duties by falsely declaring them as excluded MAC bricks. Based on that allegation, CBP initiated EAPA Case No. 7412 after conducting lab tests of Fedmet's bricks from a warehouse in Ohio. Three months later, CBP notified Fedmet of the EAPA allegation and the initiation of the investigation.

14. On December 3, 2020, CBP determined that Fedmet entered MCBs as Bastion brand MAC bricks and therefore failed to pay antidumping and countervailing duties that applied to those products under the Orders. CBP again relied on lab tests conducted by CBP to conclude that some tested samples fell within the scope of the orders on MCBs from China. Additionally, CBP concluded, based on its review of

9

certain sales documentation, that Fedmet has "mislabeled" shipments of MCBs as MAC bricks in order to avoid paying cash deposits.

15. Fedmet timely requested administrative review of the Final Determination as to evasion. On April 13, 2021, OR&R found in its Review Determination that substantial evidence supported the Final Determination allegedly because the chemical composition of the MAC bricks that CBP tested placed them within the scope of the Orders.

16. Fedmet timely appealed CBP's EAPA decisions to this Court. Following the filing of Fedmet's Rule 56.2 Brief, CBP requested a voluntary remand of its decisions, which the Court granted. In the course of the voluntary remand, CBP made a covered merchandise referral to Commerce pursuant to 19 U.S.C. § 1517(b)(4), requesting that Commerce determine whether the 11 bricks CBP tested during the course of the EAPA investigation were MCBs or excluded MAC bricks.

17. In the course of the CMI, Fedmet raised a number of issues regarding the testing methodologies employed by CBP. For example, the alumina in its MAC bricks in large on the interior of the brick, so test sampling must be of a cross-section to yield accurate results. However, the record demonstrates that at least some of CBP's testing

did not take cross-sections as samples, but simply material from the exterior of the brick, which is comprised primarily of graphite.

18.    Fedmet also drew Commerce's attention to the Court of Appeals' opinion in *Fedmet*, wherein it confirmed that *all* MAC bricks, defined as magnesia carbon bricks with added alumina, are out of scope of the MCB Orders.  Fedmet pointed out that Commerce finding that any of the tested bricks are within the scope of the Orders would be in direct violation of the Federal Circuits' holding, and would constitute an unlawful expansion of the scope of the Orders.

19.    Finally, Fedmet noted that the S&S Refractories Scope Ruling, which mandated the use of XRD testing for S&S Refractories' bricks, was not applicable to Fedmet bricks, which were subject to the earlier Fedmet Scope Ruling.

20.    In the CMI Final Results, Commerce found that 2 of the 11 tested bricks are within the scope of the Orders, based in CBP's laboratory analysis concluding that those bricks contained less than five percent based on testing using the XRD testing methodology mandated in the S&S Refractories Scope Ruling from exterior samples.  Commerce further found that the fact that the samples were from the exterior did

11

NON-CONFIDENTIAL

not matter, as the samples were crushed into powder during testing. Commerce also determined that it did not expand the scope of the Orders to include MAC bricks because the S&S Refractories Scope Ruling held that bricks with less than 5 percent added alumina are outside the scope of the Orders. Finally, Commerce found that it could not determine whether the other 9 of the 11 bricks are within the scope of the Orders, despite findings by CBP's laboratory that the tested bricks had alumina content ranging from [    ] to [    ] percent, because the CBP laboratory did not use the preferred XRD methodology adopted in the S&S Refractories Scope Ruling.

21. This appeal follows.

## STATEMENT OF CLAIMS

### Count One

22. Paragraphs 1 to 21 are incorporated by reference.

23. Commerce unlawfully expanded the scope of the Orders by determining that Fedmet MAC bricks are within the scope of the MCB Orders.

24. Commerce is not permitted to amend the scope of AD/CVD orders in covered merchandise inquiries, which are interpretive

proceedings. *See Fedmet* at 921 ("While Commerce enjoys considerable latitude in clarifying its orders, it may not change the original scope of its orders through the interpretative process.").

25. The Orders specifically exclude MAC bricks, defined as magnesia carbon bricks with added alumina. This was confirmed by the Court of Appeals in Fedmet, which held that *all* MAC bricks are outside scope of the Orders. Commerce finding that some MAC bricks are within the scope of the Orders, which is in direct violation of the Court of Appeals' decision in *Fedmet*, is unsupported by substantial evidence and otherwise not in accordance with law.

## Count Two

26. Paragraphs 1 to 25 are incorporated by reference.

27. Commerce unlawfully modified the Fedmet Scope Ruling by incorporating a requirement that the alumina content be established exclusively using the XRD testing methodology that it adopted in the subsequent S&S Refractories Scope Ruling.

28. In the Fedmet Scope Ruling in 2015, Commerce determined that no specific testing methodology was required to establish the alumina content of the bricks, and that selection of appropriate testing

methods would be at the discretion of CBP. The S&S Refractories Scope Ruling in 2017 mandated the XRD testing methodology to establish the alumina content for the purposes of that scope ruling, which applied only to specific products produced by S&S Refractories.

29. In the instant covered merchandise inquiry, Commerce claimed it could rely in the S&S Refractories Scope Ruling as a "prior scope ruling" even though it was decided after the scope ruling applicable to Fedmet MAC bricks. Commerce therefore circumvented the limitations imposed by the Court of Appeals for the Fedmet Scope Ruling by relying on a subsequent scope ruling when considering whether Fedmet's imported merchandise constituted non-subject MAC bricks.

30. Commerce's use of the covered merchandise inquiry process to substantively modify a prior scope ruling is unsupported by substantial evidence and otherwise not in accordance with law.

## Count Three

31. Paragraphs 1 to 30 are incorporated by reference.

32. Commerce failed to adequately consider issues with the testing methodologies employed by CBP during the course of the EAPA

proceeding. Commerce also misunderstood the nature of the use of refractory bricks and made mistakes of fact as to the application of chemical testing. Commerce's CMI Final Results are therefore unsupported by substantial evidence and otherwise not in accordance with law.

## PRAYER FOR RELIEF

33. For the foregoing reasons, Plaintiff respectfully requests that this Court hold Commerce's CMI Final Results unsupported by substantial record evidence and otherwise not in accordance with law. Plaintiff therefore respectfully requests that this Court remand the CMI Final Results to Commerce to correct the errors set forth in this Complaint and provide other such relief as this Court deems appropriate.