UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE M. MILLER BAKER, JUDGE

|  |  |  |
|---|---|---|
| FEDMET RESOURCES CORPORATION, | ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Court No. 23-00117 |
| UNITED STATES, | ) ) | PUBLIC DOCUMENT |
| *Defendant,* | ) ) | |
| and | ) ) | |
| MAGNESIA CARBON BRICKS FAIR TRADE COMMITTEE, | ) ) ) | |
| *Defendant-Intervenor.* | ) ) | |

SUPPLEMENTAL BRIEF OF DEFENDANT-INTERVENOR
MAGNESIA CARBON BRICKS FAIR TRADE COMMITTEE

J. Michael Taylor
Daniel L. Schneiderman
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC  20006
(202) 737-0500

*Counsel For Magnesia Carbon Bricks Fair Trade Committee*

June 28, 2024

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Saha Thai Steel Pipe Public Co. Ltd. v. United States,*
    101 F.4th 1310 (Fed. Cir. 2024) .................................................... *passim*

**Other Authorities**

19 C.F.R. § 351.225(k)(1)(i) ....................................................................... 4

19 C.F.R. § 351.225(k)(1)(i)(C) ................................................................. 2

*Final Scope Ruling – S&S Refractories* (June 7, 2017) .................. *passim*

*Final Results of Redetermination,*
    *Fedmet Resources Corporation v. United States*
    *(February 23, 2015)* ....................................................................... 2, 3, 5

## GLOSSARY

| | |
|---|---|
| $Al_2O_3$ | Aluminum oxide, aka alumina |
| MAC | Magnesia Alumina Carbon |
| MCB | Magnesia Carbon Brick |

# SUPPLEMENTAL BRIEF

Defendant-Intervenor Magnesia Carbon Bricks Fair Trade Committee (the "Committee") provides this supplemental brief in response to the Court's June 7, 2024 order (ECF No. 50) directing the parties to:

> address the relevance, if any, of the Federal Circuit's decision in *Saha Thai Steel Pipe Public Co. Ltd. v. United States*, 101 F.4th 1310 (Fed. Cir. 2024), including its discussion of the circumstances under which Commerce may consider the criteria identified in 19 C.F.R. § 351.225(k)(1) to determine whether an antidumping order covers particular merchandise.

*Saha Thai* upheld Commerce's initial finding that dual-stenciled pipes are within the scope of the order on standard pipes from Thailand. As the Appeals Court concluded,

> There is no basis to exclude products covered by the plain text of the Order, notwithstanding that the same products have been given a different name or met additional specifications. *Mid Continent*, 725 F.3d at 1301 ("[M]erchandise facially covered by an order may not be excluded from the scope of the order unless the order can reasonably be interpreted so as to exclude it."). To conclude otherwise would allow foreign producers and exporters to circumvent antidumping duty orders by simply stamping their products with an additional mark. That would take the teeth out of antidumping duty orders, depriving the domestic

1

> industry of the very relief from harm posed by unfairly traded imports that is contemplated by the U.S. trade statutes.

*Saha Thai* at 1331.

That holding is instructive here. Just as the exporter in *Saha Thai* was not permitted to avoid the order on otherwise in-scope merchandise merely by adding a line pipe stamp, Commerce appropriately found that Fedmet cannot avoid the order on otherwise in-scope Magnesia Carbon Bricks ("MCBs") simply by relabeling them under its "Bastion" brand of Magnesia Alumina Carbon ("MAC") bricks. *See Response Br. of Defendant-Intervenor* (Mar. 11, 2024) at 2, 11 (ECF No. 42).

In this case, Commerce was charged with interpreting the meaning of the term "magnesia carbon brick" and deciding whether the bricks imported by Fedmet fell within that category. In so doing, Commerce considered two prior scope rulings pursuant to 19 C.F.R. § 351.225(k)(1)(i)(C): the 2015 *Fedmet Ruling* and the 2017 *S&S Refractories Ruling*. *See* Preliminary Results of Covered Merchandise Inquiry (Feb. 10, 2023) at 4-5, Appx01009-01010; Decision Memorandum for the Final Determination of Covered Merchandise

Inquiry (April 27, 2023) ("*Final Determination*") at 5, Appx01033. In the 2015 *Fedmet Ruling*, Fedmet's "Bastion" bricks containing "approximately 8 to 15 percent aluminum oxide (chemical formula $Al_2O_3$), more commonly known as alumina, 3 to 15 percent carbon, 75 to 90 percent magnesia, as well as smaller amounts of silicon dioxide, calcium oxide, iron oxide, and titanium dioxide," were found to be MAC bricks not subject to the Orders. *Final Results of Redetermination, Fedmet Resources Corporation v. United States* (February 23, 2015) (the "2015 *Fedmet Ruling*") at 10, Appx02125. Commerce further found, however, that "this scope ruling is … not intended to address all bricks designated as MAC bricks, in particular because there is no apparent industry standard for defining a MAC brick based upon the record of this case." *Id.* at 10-11, Appx02125-02126. Later, having built a more complete record regarding the industry definitions of MAC bricks in the 2017 *S&S Refractories Ruling*, Commerce developed a generally applicable test for identifying such bricks, *i.e.*, that they must contain at least 5 percent added alumina (as imported). *Final Scope Ruling – S&S Refractories* (June 7, 2017) (the "*S&S Refractories Ruling*") at 3-5, Appx02133-02135.

3

In its *Final Determination*, Commerce appropriately considered both prior scope rulings when concluding that Fedmet's new bricks (1) were chemically distinct from the products found to be excluded MAC bricks in 2015, even though labelled "Bastion" bricks, and (2) failed to meet the definition of MAC bricks developed in *S&S Refractories*. *Final Determination* at 5-8, Appx01033-01036. Indeed, the regulation specifically permitted Commerce to consider these prior scope rulings as "primary interpretive sources." 19 C.F.R. § 351.225(k)(1)(i).

Nothing in *Saha Thai's* discussion of the circumstances under which Commerce may consider the "(k)(1)" criteria undermines Commerce's analysis here. Notably, *Saha Thai* was governed by an older version of the regulation, which was amended in 2021. *See Saha Thai* at 1323, n.14. The older version of the regulation seemingly *required* Commerce to consider the (k)(1) materials. *Id.* at 1326 ("the applicable regulations provide that Commerce, in reaching a scope ruling, 'will take into account' the (k)(1) materials"). The Appeals Court observed that the revised regulations

> clarify that the traditional (k)(1) materials are "primary interpretive sources" that Commerce may consider "at [its] discretion," if it determines the scope language itself does not clearly and

4

> sufficiently answer the scope question. 19 C.F.R. § 351.225(k)(1)(i). The current regulations also list other "secondary interpretative sources" that Commerce "may also consider," as well as the hierarchy of these interpretative sources. *Id.* § 351.225(k)(1)(ii).

*Saha Thai* at 1326-27. Although the instant case is governed by the amended regulations, any differences are immaterial to the result. Nothing in the amended regulations precluded Commerce from considering the 2017 *S&S Refractories Ruling* here, and nothing in the 2015 *Fedmet Ruling* undermined the conclusion that Fedmet's new "Bastion" bricks are in-scope MCBs rather that out-of-scope MAC bricks.

For these reasons, and for the reasons set forth in Defendant-Intervenor's March 11, 2024 Response Brief (ECF No. 42), the *Final Determination* should be affirmed.

Respectfully submitted,

*/s/ Daniel Schneiderman*
J. Michael Taylor
Daniel L. Schneiderman

KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 737-0500

*Counsel for Defendant-Intervenor*

June 28, 2024

CERTIFICATE OF COMPLIANCE
WITH WORD COUNT LIMITATIONS

Pursuant to paragraph 2(B)(2) of the U.S. Court of International Trade's *Standard Chambers Procedures*, the undersigned certifies that this brief complies with applicable word count limitations. Exclusive of the exempted portions, as provided in paragraph 2(B)(1), this brief includes <u>884</u> words. In preparing this certificate, the undersigned has relied upon the word count feature of the word-processing system used to prepare the submission.

/s/ *Daniel Schneiderman*
Daniel L. Schneiderman

KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 737-0500

*Counsel for Defendant-Intervenor*

June 28, 2024