A-570-954, C-570-955<br>
Remand (Slip Op. 24-136)<br>
**Public Document**<br>
E&C/OV:  Team

*Fedmet Resources Corporation v. United States*,<br>
Court No. 23-00117, Slip Op. 24-136 (CIT December 12, 2024)<br>
Magnesia Carbon Bricks from the People's Republic of China

**FINAL RESULTS OF REDETERMINATION**<br>
**PURSUANT TO COURT REMAND**

**I.     SUMMARY**

The U.S. Department of Commerce (Commerce) has prepared these final results of redetermination pursuant to the remand opinion of the U.S. Court of International Trade (the Court) in *Fedmet Resources Corporation v. United States*, Court No. 23-00117, Slip Op. 24-136 (CIT December 12, 2024) (*Remand Opinion*).  These final results relate to Commerce's determination in a covered merchandise inquiry concerning U.S. Customs and Border Protection (CBP) Enforce and Protect Act Investigation 7412.  The covered merchandise inquiry pertained to whether 11 bricks imported by Fedmet Resources Corporation (Fedmet) constituted in-scope magnesia carbon bricks (MCBs) or non-subject magnesia alumina carbon (MAC) bricks.[1]  Under respectful protest,[2] on remand, and consistent with the Court's directive, Commerce:  (1) determines that seven of the samples are bricks which are not subject to the *Orders*;[3] and (2) intends to instruct CBP to apply the standard set forth by the Court to determine whether the remaining four samples constitute subject bricks, given that the requisite testing records are not on the record of this proceeding.

---

[1] *See Certain Magnesia Carbon Bricks from the People's Republic of China:  Final Determination in Covered Merchandise Inquiry*, 88 FR 28495 (May 4, 2023) (*Final Determination*), and accompanying Issues and Decision Memorandum (IDM).
[2] *See Viraj Group v. United States*, 343 F. 3d 1371 (Fed. Cir. 2003) (*Viraj*).
[3] *See Certain Magnesia Carbon Bricks from Mexico and the People's Republic of China:  Antidumping Duty Orders,* 75 FR 57257 (September 20, 2010); and *Certain Magnesia Carbon Bricks from the People's Republic of China:  Countervailing Duty Order,* 75 FR 57442 (September 21, 2010) (collectively, *Orders*).

## II.  BACKGROUND

### A.  Commerce's *Final Determination*

On June 30, 2022, CBP transmitted a covered merchandise referral to Commerce requesting that Commerce determine whether 11 brick samples taken from merchandise imported by Fedmet reflect subject MCBs or non-subject bricks.[4] CBP provided test results regarding the chemical composition of the brick samples and requested that Commerce determine whether the alumina content of the bricks rendered the bricks non-subject merchandise.[5]

On May 4, 2023, Commerce published the *Final Determination* in the underlying covered merchandise inquiry.[6] Therein, Commerce applied an alumina content threshold of five percent – which was based on a prior scope ruling under the *Orders*,[7] *i.e.*, the S&S Refractories Ruling – to analyze the 11 bricks subject to the inquiry and to determine whether they constituted MAC bricks.[8] Commerce also reasoned that the testing method used by CBP must measure alumina content at the time of importation for the purposes of applying the threshold.[9] Applying such a standard to the 11 samples that formed the basis of the covered merchandise inquiry, Commerce determined that: (1) test results for two of the 11 samples were valid, and the alumina content was below the five percent standard from the S&S Refractories Ruling, rendering the samples in-scope MCBs; and (2) test results for the other nine samples were not

---

[4] *See* Memorandum, "Receipt of Covered Merchandise Referral and Placement of Covered Merchandise Referral Documents on the Record," dated July 15, 2022, at Attachment (containing CBP's Letter, "Covered Merchandise Referral Request for EAPA Investigation 7412 (Remand Number 7703)," dated June 30, 2022).
[5] *Id.*
[6] *See generally Final Determination.*
[7] *See Orders*.
[8] *See Final Determination* IDM at Comment 1 (citing Memorandum, "Final Scope Ruling – S&S Refractories," dated June 7, 2017 (S&S Refractories Ruling)).
[9] *Id*.

2

based on testing procedures which reported the alumina content as it existed at the time of importation, and, thus, the results were indeterminate.[10]

Fedmet appealed Commerce's decision, arguing that: (1) Commerce applied the wrong legal standard and thereby unlawfully expanded the scope of the *Orders*; and (2) substantial evidence did not support Commerce's *Final Determination*.

### B.  *Remand Opinion*

On December 12, 2024, the Court issued its *Remand Opinion*. The Court sustained, as supported by substantial evidence, Commerce's finding that any testing method for alumina must measure the alumina content of the brick as it existed at the time of importation.[11] However, the Court remanded Commerce's application of the five percent alumina standard from the S&S Refractories Ruling for reconsideration. The Court held that – based on its interpretation of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit)'s decision in *Fedmet I*[12]—the *Orders* do not cover bricks with *any* amount of added alumina. The Court ruled that Commerce erred in applying a five percent alumina threshold in determining whether a brick constituted a MAC brick, and, accordingly, also erred in determining that the *Orders* covered any of the 11 samples that reflected an above-zero amount of added alumina upon importation. Hence, the Court concluded that Commerce's determination regarding the 11 brick samples in question was not in accordance with the law.[13]

As a result, the Court remanded the matter to Commerce to "reconsider its decision as to all 11 samples using the *Fedmet I* metric" and stated that, "{u}nder that standard, the {*Orders*}

---

[10] *Id*. at Comment 2.
[11] *See Remand Opinion* at 16-18. Commerce's decision recognized that a testing method that oxidized aluminum into alumina during the testing process would, necessarily, distort the amount of alumina that appears in the sample.
[12] *See Fedmet Resources Corp. v. United States*, 755 F. 3d 912 (Fed. Cir. 2014) (*Fedmet I*).
[13] *See Remand Opinion* at 13-16.

do not cover MCBs containing *any* added alumina—such products are MAC bricks as far as those orders are concerned."[14]  The Court also stated that, with respect to one set of brick samples, "in its discretion Commerce may simply instruct Customs to apply the *Fedmet I* standard to the {x-ray diffraction (XRD)} retesting of the samples in Report 0430 described in the latter agency's redetermination."[15]

**III.    ANALYSIS**

Given the Court's finding regarding *Fedmet I*, and consistent with the *Remand Opinion*, we have revised our *Final Determination* in the covered merchandise inquiry to reexamine the test results for the bricks.

Seven of the samples are covered by Reports 0826, 1030, and 1071.  Each of these samples contained an above-zero quantity of alumina and were based on testing procedures which properly determined the alumina content at the time of importation.[16]  Thus, pursuant to the *Remand Opinion*, we find that the bricks represented by these samples are non-subject bricks and are not covered by the *Orders*.

With respect to the four remaining samples, covered by Report 0430, the results of a test that accurately measured alumina content are not on Commerce's record.  Although the Court explained that CBP retested the four brick samples using the XRD testing method and found that all contained added alumina,[17] these test results are not on the administrative record of this proceeding.  Therefore, in the interest of developing a complete record regarding these samples

---

[14] *Id*. at 18 (emphasis in original).
[15] *Id*. at 18 n.11.
[16] *See Remand Opinion* at 16 ("Customs provided {Commerce} with four reports regarding the alumina content of eleven samples of Fedmet's refractory bricks.  *Three of them (encompassing seven samples) disclosed the presence of added alumina using {Commerce}'s favored XRD test*.") (emphasis added).
[17] *Id*. at n. 8 (noting that CBP conducted additional laboratory testing on the nine refractory brick samples that Commerce found indeterminate {including the samples covered by Report 0430}" and the "(XRD) testing showed all contained alumina") and n. 11.

(*i.e.*, to ensure that the record contains the specific added alumina content for 11 samples), we are directing CBP to apply the standard set forth in the *Remand Opinion* to the four remaining samples covered by Report 0430. This approach was explicitly contemplated by the Court.[18]

## IV. COMMENTS ON THE DRAFT RESULTS

Commerce released the Draft Results on January 29, 2025.[19] The Magnesia Carbon Bricks Fair Trade Committee (Committee) and Fedmet timely submitted comments on February 10, 2025.[20] No other party commented on the Draft Results.

*Committee's Comments*

The following is a verbatim summary of the arguments submitted by the Committee. For further details, *see* Committee Comments.

- In the Draft Results, Commerce found, under protest, that seven brick samples imported by Fedmet "constitute non-subject MAC bricks."[21] Appreciating that this decision is being made under protest, the Committee recognizes that the Court's order following from the *Remand Opinion* compels a finding that Fedmet's bricks containing "any alumina," as determined by appropriate testing, must be considered outside the scope of the antidumping and countervailing duty orders on MCBs from China. But {} the *Remand Opinion* misinterpreted *Fedmet I* and thereby reached the wrong result. The Committee is not asking Commerce to defy the Court's order; Commerce should continue to comply with the *Remand Opinion* by finding, under respectful protest, that the samples fall outside the scope. Nevertheless, Judge Baker will have an opportunity to reconsider the *Remand Opinion*,[22] and thus it is entirely appropriate for Commerce to clarify the basis for proceeding "under protest" by explaining in greater detail how the Court erred.

- {T}he bricks at issue in *Fedmet I* were found to fall outside the scope of the orders precisely because they were magnesia alumina carbon bricks (*i.e.*, MAC bricks or MACBs) – a fact that was not in dispute in that litigation. *Fedmet I* recognized that

---

[18] *Id*. at n.11.
[19] *See* Draft Results of Redetermination Pursuant to Court Remand, *Fedmet Resources Corporation v. United States*, Court No. 23-00117, Slip Op. 24-13621-03 (CIT December 12, 2024), dated January 29, 2025 (Draft Results).
[20] *See* Committee's Letter, "Domestic Industry Comments On Draft Results of Redetermination," dated February 10, 2025 (Committee Comments); and Fedmet's Letter, "Comments on Draft Results of Redetermination Pursuant to Court Remand," dated February 10, 2025 (Fedmet Comments).
[21] *See* Draft Results at 1.
[22] *See Midwest Fastener Corp. v. United States*, 494 F. Supp. 3d 1335, 1341 (CIT 2021) ("The court retains the general power to reconsider non-final orders…U.S. Court of International Trade Rule 54(b) allows the court of revisit non-final determinations.").

      MCBs could have some amount of alumina less than that required to form spinel (*i.e.*, a characteristic that distinguishes MACBs from MCBs) and would not be considered to be MACBs per the common industry understanding. Although the {Federal Circuit} did not attempt to draw a "cut-off-point" between such MCBs and MACBs, there was no reason to do so because that was not the issue presented in that appeal—to the contrary, it was undisputed that the Bastion bricks then at issue were, in fact, MACBs. *Fedmet I* did not hold that MCBs with some alumina—but not enough to form spinel or be considered by the industry to be a MACB—are outside the scope of the orders.

- The erroneous interpretation adopted by the *Remand Opinion* would eviscerate the MCBs orders, because exporters very easily could add small amounts of alumina to their MCBs (without affecting product performance or customer expectations) merely to avoid the duties. Such a result, if not corrected, would be incongruous with the entire history of this case, including the fact that MACBs were identified as separate from MCBs during the investigation. Such a result also would be devastating to the domestic industry, which would lose the essential protections of the orders. To preserve the arguments necessary to avoid this result, Commerce should adopt and clearly articulate in full the arguments {} demonstrating how the Court erred.

- Moreover{}, although the *Remand Opinion* erroneously provides for the exclusion of bricks with "any alumina," the Committee does not believe the order requires a finding that those samples are MAC bricks, which they are not. To that end, Commerce should refrain from making a finding that Fedmet's samples are MAC bricks, because a refractory brick is not a MAC brick simply due to the presence of minor amounts of alumina.

*Fedmet's Comments*

      The following is the complete argument submitted by Fedmet. *See* Fedmet Comments at 2-3.

- Fedmet incorporates by reference the arguments it made before Commerce in its February 28, 2023 case brief.[23] In its *Remand Order*, the Court confirmed that, pursuant to the standard confirmed by the {} Federal Circuit, the addition of any alumina to a MCB takes it outside of the scope of the orders on MCBs from China.[24] The court further found that seven of the eleven tested samples had added alumina and are therefore outside the scope of the orders on MCBs from China, and that x-ray diffraction testing must be performed on the remaining four samples to determine whether they contain added alumina.[25]

---

[23] *See* Fedmet's Letter, "Fedmet's Case Brief," dated February 28, 2023.
[24] *See generally Remand Opinion*.
[25] *Id.* at 16-18.

- The Draft Results compl{y} with the *Remand Opinion* and instructs CBP that the seven samples for which Commerce has concluded test results for added alumina are on the record are not covered MCBs. In addition, Commerce's Draft Results correctly instructs CBP that, if it finds that the four samples in Report 0430 contain any added alumina, they are also not covered MCBs. While it is Fedmet's position that there is sufficient evidence on the record of this covered merchandise inquiry to demonstrate that none of the eleven samples tested by CBP, including the four samples in Report 0430, constitute covered MCBs, as the Draft Results correctly articulates the standard explained by the court in this proceeding, Fedmet urges Commerce to adopt its Draft Results without amendment.

**Commerce's Position:** The parties do not contest that Commerce's approach on remand complies with the *Remand Order*. Therefore, we have made no changes to the Draft Results.

We acknowledge the Committee's argument that *Fedmet I* does not compel a finding that MCBs with any amount of added alumina are out-of-scope MAC bricks. In *Fedmet I*, the Federal Circuit held that:

> the fact that the (k)(1) sources identify no 'cut-off point' at which addition of alumina to an MCB transforms it into a MAC brick does not result in ambiguity. The public—including domestic importers like Fedmet—is entitled to rely on the multiple statements in the (k)(1) sources disclaiming coverage of MAC bricks. To the extent that MCBs and MAC bricks do in fact overlap to some degree, the overlap was surrendered by {the petitioner's} failure to provide a technical definition or 'cut off point' when asked to be more specific.[26]

Consistent with this holding, and as the Court has recognized, bricks which can function as both MCBs and MAC bricks are not covered by the scope of the *Orders*. According to the Committee, however, the *Fedmet I* ruling stops here: while any overlapping products are indeed "surrendered," that holding does not lead to the necessary conclusion that MCBs with *any* added alumina are MAC bricks.[27] Thus, the Committee disagrees that *Fedmet I* mandates a finding that

---

[26] *See Fedmet I*, 755 F. 3d 921.

[27] This principle can be illustrated as follows: [MCBs / MAC bricks overlapping circles diagram] where only the products within the "MAC bricks" circle are excluded from the *Orders* and the non-overlapping portion of the "MCBs" circle (including ones which may have minor amounts of alumina) are covered by the *Orders*.

7

*all* bricks with added alumina be deemed out-of-scope merchandise, because some bricks with added alumina cannot function as MAC bricks.[28]

Integral to the Committee's arguments are its claims that: (1) different types of refractory bricks are not generally substitutable in a technical sense, due to varying chemical and physical properties and wear characteristics; (2) alumina is the defining component of a MAC brick because it creates certain chemical reactions (*i.e.*, the formation of spinel) which give the MAC bricks distinguishing performance features; and (3) these physical properties are only imparted by sufficient quantities of alumina, *i.e.*, enough to trigger the formation of spinel.[29]

While we do not disagree with the arguments above, the Court's interpretation of *Fedmet I* controls here.[30] In light of this holding, Commerce has complied with the Court's order under respectful protest.[31]

## V.  FINAL RESULTS OF REDETERMINATION

Consistent with the Court's order and under respectful protest,[32] Commerce has revised the *Final Determination* of its covered merchandise inquiry regarding the 11 brick samples subject to the inquiry. Consequently, on remand, we find, that seven of the eleven brick samples in question are non-subject bricks and are not subject to the *Orders*. Additionally, we will instruct CBP to evaluate the remaining four samples against the alumina content standard set forth in the *Remand Opinion*, in accordance with the discussion above.

---

[28] *See* Committee Comments at 2-17.
[29] *Id.* at 4-6.
[30] The Committee requests that Commerce refrain from making a finding that Fedmet's samples are MAC bricks, because a refractory brick is not a MAC brick simply due to the presence of minor amounts of alumina. *See* Committee Comments at 3. We agree and have referred to Fedmet's samples as "non-subject bricks."
[31] *See Viraj*, 343 F. 3d at 1371.
[32] *Id.*

Should the Court affirm these final results of redetermination, Commerce intends to publish a *Timken*[33] notice of amended final results of the covered merchandise inquiry and issue appropriate customs instructions to CBP, consistent with the redetermination above.

3/12/2025

X  Abdelali Elouaradia

Signed by: International Trade Administration

Abdelali Elouaradia
Deputy Assistant Secretary
  for Enforcement and Compliance.

---

[33] *See Timken Co. v. United States*, 893 F.2d 337 (Fed. Cir. 1990) (*Timken*); *see also Diamond Sawblades Manufacturers Coalition v. United States*, 626 F.3d 1374 (Fed. Cir. 2010).