UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| _____ )<br>FEDMET RESOURCES CORPORATION, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>UNITED STATES, )<br> )<br>Defendant, )<br> )<br>and )<br> )<br>MAGNESIA CARBON BRICKS )<br>FAIR TRADE COMMITTEE, )<br> )<br>Defendant-Intervenor. )<br>_____ ) | Court No. 23-00117 |

## <u>ORDER</u>

Upon consideration of the remand redetermination issued by the Department of Commerce (Commerce) pursuant to *Fedmet Resources Corporation v. United States*, No. 23-00117, 2024 WL 5088294 (Ct. Int'l Trade Dec. 12, 2024); the comments upon the remand redetermination of defendant-intervenor; and defendant's and plaintiff's replies thereto, and all other pertinent papers, it is hereby

ORDERED that the remand redetermination is sustained in all respects; and it is further

ORDERED that judgment is entered in favor of the United States.

_____

JUDGE

Dated: _____, 2025
      New York, NY

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

_____

| | |
|---|---|
| FEDMET RESOURCES CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Court No. 23-00117 |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| MAGNESIA CARBON BRICKS | ) |
| FAIR TRADE COMMITTEE, | ) |
| | ) |
| Defendant-Intervenor. | ) |

_____

### DEFENDANT'S REPLY IN SUPPORT
### OF THE REMAND REDETERMINIATION

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

REGINALD T. BLADES, JR.
Assistant Director

OF COUNSEL:

CHARLIE CHUNG
Attorney
Office of the Chief Counsel
for Trade Enforcement & Compliance
U.S. Department of Commerce

ANTONIA R. SOARES
Senior Trial Counsel
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044

July 3, 2025                    Attorneys for Defendant

# TABLE OF CONTENTS

**Page**

BACKGROUND ..................................................................................2

ARGUMENT .......................................................................................6

    I.    Standard Of Review ...........................................................7

    II.   The Remand Results Should Be Sustained Because It Is
          Undisputed That Commerce Complied With The Court's
          Remand Opinion ..................................................................7

    III.   The Relief That The Committee Seeks, Reconsideration
           Of The Court's Remand Opinion, Should Have Been
           Sought Through A Motion For Reconsideration Under
           Rule 54(b) ...........................................................................10

CONCLUSION ..................................................................................16

# TABLE OF AUTHORITIES

## Cases

*ABB Inc. v. United States*,
375 F. Supp. 3d 1348 (Ct. Int'l Trade 2019) ............................ 11, 12, 13

*Amanda Foods (Vietnam) Ltd. v. United States*,
774 F. Supp. 2d 1286 (Ct. Int'l Trade 2011) ................................ 7, 8, 9

*Bethlehem Steel Corp. v. United States*,
223 F. Supp. 2d 1372 (Ct. Int'l Trade 2002) ........................................ 7

*Ereğli Demir Ve Çelik Fabrikalari T.A.Ş. v. I.T.C.*,
639 F. Supp. 3d 1245 (Ct. Int'l Trade 2023) .................................. 10, 12

*Fedmet Resources Corporation v. United States*,
755 F.3d 912 (Fed. Cir. 2014) ..................................................... *passim*

*Irwin Indus. Tool Co. v. United States*,
269 F. Supp. 3d 1294 (Ct. Int'l Trade 2017),
*aff'd*, 920 F.3d 1356 (Fed. Cir. 2019) ............................................ 12, 15

*Legacy Classic Furniture, Inc. v. United States*,
867 F. Supp. 2d 1321 (Ct. Int'l Trade 2012) ...................................... 14

*Midwest Fastener Corp. v. United States*,
494 F. Supp. 3d 1335 (Ct. Int'l Trade 2021) ...................................... 14

*NEXTEEL Co., Ltd. v. United States*,
389 F. Supp. 3d 1343 (Ct. Int'l Trade 2019) ...................................... 11

*NSK Corp. v. United States*,
593 F. Supp. 2d 1355 (Ct. Int'l Trade 2008) ...................................... 11

*Perry Chem. Corp. v. United States*,
415 F. Supp. 3d 1260 (Ct. Int'l Trade 2019) ...................................... 12

## Rules

USCIT Rule 54(b) ............................................................................ *passim*

## Regulations

*Certain Magnesia Carbon Bricks from the People's Republic of China*,
88 Fed. Reg. 28,495 (Dep't of Commerce May 4, 2023) ................. *passim*

# **GLOSSARY**

MAC      Magnesia Alumina Carbon

MCB      Magnesia Carbon Brick

IN THE UNITED STATES COURT OF INTERNATIONAL T RADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

_____
                                                )
FEDMET RESOURCES CORPORATION,   )
                                                )
                Plaintiff,                      )
                                                )
        v.                                      )       Court No. 23-00117
                                                )
UNITED STATES,                                  )
                                                )
                Defendant,                      )
                                                )
        and                                     )
                                                )
MAGNESIA CARBON BRICKS                          )
FAIR TRADE COMMITTEE,                           )
                                                )
                Defendant-Intervenor.           )
_____)

## **DEFENDANT'S REPLY IN SUPPORT**
## **OF THE REMAND REDETERMINIATION**

Defendant, the United States, respectfully files this reply to the comments submitted by defendant-intervenor, Magnesia Carbon Bricks Fair Trade Committee (Committee), ECF No. 65 (Committee Comments), concerning the United States Department of Commerce's (Commerce) final results of the redetermination filed pursuant to this Court's opinion and remand order in *Fedmet Resources Corporation v.*

*United States*, Court No. 23-00117, Slip Op. 24-136 (Ct. Int'l Trade

December 12, 2024) (ECF No. 56) (Remand Opinion or Remand Order),

remanding to Commerce the Final Determination in the covered

merchandise inquiry of certain magnesia carbon bricks (MCB) from the

People's Republic of China (China). *See* Final Results of

Redetermination Pursuant to Court Remand (Mar. 12, 2025), ECF No.

58 (Remand P.R. 7) (Remand Results); *Certain Magnesia Carbon Bricks*

*from the People's Republic of China*, 88 Fed. Reg. 28,495 (Dep't of

Commerce May 4, 2023) (Final Determination in Covered Merchandise

Inquiry) (P.R. 59).[1]  As discussed below, Commerce's Remand Results

comply with the Court's Remand Opinion.  Accordingly, the Court

should sustain Commerce's Remand Results.

## **BACKGROUND**

On May 4, 2024, Commerce published its final determination on

the covered merchandise inquiry, finding that certain refractory bricks

are covered by the scope of the antidumping duty (AD) and

---

[1]  "P.R. _" is a citation to the public record of the underlying
administrative review record, and "C.R._" is a citation to the
confidential version of that underlying record.  Citations to "Remand
P.R._" refer to the public record of the remand redetermination.

countervailing duty (CVD) orders on magnesia carbon bricks (MCBs) from the People's Republic of China (collectively, the *Orders*). *See Final Determination*, 88 Fed. Reg. at 28,495. Commerce applied an alumina content threshold of five percent (Five Percent Alumina Standard) to analyze whether 11 brick samples taken from merchandise imported by Fedmet Resources Corporation (Fedmet) are in-scope magnesia carbon bricks (MCBs). *Id.* Fedmet challenged Commerce's Final Determination and, on December 12, 2024, the Court remanded Commerce's Final Determination for erroneously applying the Five Percent Alumina Standard. *See* Remand Op. at 16. Specifically, pursuant to the decision of the United States Court of Appeals for the Federal Circuit in *Fedmet Resources Corporation v. United States*, 755 F.3d 912 (Fed. Cir. 2014) (*Fedmet I*), the Court found that bricks with an above-zero amount of added alumina at the time of importation are magnesia alumina carbon (MAC) bricks and, thus, constituted out-of-scope refractory bricks (*Fedmet I* Metric). *See* Remand Op. at 16. Accordingly, the Court remanded the Final Determination to Commerce to reconsider its decision by applying the *Fedmet I* Metric. *See id.* at 18.

3

Complying with the Remand Opinion, Commerce applied the

*Fedmet I* Metric in the Draft Results.  *See* Draft Remand

Redetermination (Jan. 29, 2025) (Draft Results) (Remand P.R. 1).  In

doing so, Commerce found that, out of the 11 samples, seven samples

are non-subject bricks because they contained an above-zero quantity of

alumina at the time of importation.  *See id.* at 4.  Related to the four

remaining samples, because there were no data on the record governing

their specific added alumina content at the time of importation,

Commerce expressed its intent to direct U.S. Customs and Border

Protection (CBP) to test the four remaining samples for such data by

applying the standard set forth in *Fedmet I*.  *See id.* at 4-5.  This

approach was explicitly contemplated by the Court.  *See* Remand Op. at

18.

On February 10, 2025, Commerce received timely filed comments

on its Draft Results from the Committee and from Fedmet.  *See*

Committee Cmts. on Draft Results (Feb. 10, 2025) (Remand P.R. 4);

Fedmet Cmts. on Draft Results (Feb. 10, 2025) (Remand P.R. 5).  Both

the Committee and Fedmet agreed that the Draft Results complied with

the Remand Opinion.  *See* Committee Cmts. on Draft Results at 1 ("In

the Draft Results, Commerce found, under protest, that seven brick samples imported by Fedmet 'constitute non-subject MAC bricks.' Appreciating that this decision is being made under protest, the Committee recognizes that the Court's order following from the *Remand Opinion* compels a finding that Fedmet's bricks containing "any alumina," as determined by appropriate testing, must be considered outside the scope of the antidumping and countervailing duty orders on MCBs from China.") (quoting Commerce's Draft Results at 1); Fedmet Cmts. on Draft Results at 2 ("The *Draft Redetermination* complies with the *Remand Opinion*[.]").  Consequently, Commerce made no changes to the Draft Results before filing the Remand Results on March 12, 2025. *See* Remand Results at 7.

In the Remand Results, Commerce acknowledges that the Committee argued in its Comments on the Draft Results that *Fedmet I* does not compel a finding that MCB bricks with any amount of added alumina constitute out-of-scope MAC bricks.  *See* Remand Results at 7. Specifically, Commerce explained that, although it does not disagree with the Committee's argument, the Court's interpretation of *Fedmet I*

controls and, thus, Commerce was complying with the Court's order under respectful protest. *See id.* at 8.

On May 30, 2025, the Committee filed its comments on the Remand Results, which focused exclusively on seeking reconsideration of the Court's Remand Opinion. *See* Committee Cmts. on Remand Results (ECF No. 65).

## **ARGUMENT**

The Court should sustain the Remand Results because Commerce complied with the Remand Order in all respects, and its determination is reasonable, supported by substantial evidence, and otherwise in accordance with law. Indeed, the Committee acknowledges that Commerce complied with the Remand Order under respectful protest. *See* Committee Cmts. at 3-6. The Committee's comments are confined to challenging the Court's underlying Remand Opinion for its interpretation of *Fedmet I. Id.* at 6-27. Under the Court's rules, such a challenge to a remand order should have been lodged through a motion for reconsideration pursuant to USCIT Rule 54(b). Accordingly, the Court should sustain Commerce's Remand Results and enter judgment for the United States. Alternatively, if the Court were to grant the

Committee's reconsideration request, the Court should sustain

Commerce's Final Determination in the covered merchandise inquiry in

which it applied the Five Percent Alumina Standard.  *See Final*

*Determination*, 88 Fed. Reg. at 28,495.

## I.    <u>Standard Of Review</u>

"The same standard of review applies to the review of a remand

determination as to the review of the original determination."

*Bethlehem Steel Corp. v. United States*, 223 F. Supp. 2d 1372, 1375 (Ct.

Int'l Trade 2002).  Accordingly, the "court will sustain {Commerce's}

determination upon remand if it complies with the court's remand

order, is supported by substantial evidence on the record, and is

otherwise in accordance with law."  *Amanda Foods (Vietnam) Ltd. v.*

*United States*, 774 F. Supp. 2d 1286, 1290 (Ct. Int'l Trade 2011).

## II.    **The Remand Results Should Be Sustained Because It Is Undisputed That Commerce Complied With The Court's <u>Remand Opinion</u>**

In the Remand Opinion, this Court found that Commerce's Final

Determination was erroneous as a matter of law and remanded for

Commerce's reconsideration consistent with the Remand Opinion.  *See*

Remand Op. at 2.  Specifically, the Court held that the *Fedmet I* Metric

is the correct legal standard for determining the scope of the *Orders* based on the Federal Circuit's binding decision in *Fedmet I*. *Id.* at 15. The Court held that the Federal Circuit's focus in *Fedmet I* was not whether there is a cut-off-point between MCBs and MAC bricks in terms of alumina content. *Id.* The Court further held that *Fedmet I* did not consider what constitutes a MAC brick but instead focused on whether MAC bricks are in-scope merchandise. *Id.* at 14-15. Accordingly, the Court held that *Fedmet I* controls as a matter of law, and that Commerce erroneously adopted the Five Percent Alumina Standard because MCBs with any added alumina are not within the scope of the *Orders*. *Id.* at 16.

Commerce's Remand Results fully comply with the Court's Remand Opinion because Commerce applied the *Fedmet I* Metric and abandoned the Five Percent Alumina Standard to find that bricks with an above-zero quantity of alumina are non-subject bricks and, thus, are not covered by the *Orders*. Remand Results at 4. Applying the *Fedmet I* Metric, Commerce found that, out of the 11 brick samples subject to the covered merchandise inquiry in the Final Determination, seven samples are non-subject bricks because they contain an above-zero

8

quantity of alumina based on the record evidence. *Id.* As to the four

remaining samples, the record lacked evidence related to their alumina

contents. *Id.* For the four samples for which information regarding

their specific added alumina contents was lacking, Commerce expressed

its intent to instruct CBP to test those samples for such data pursuant

to the Court's Remand Opinion on this matter. *Id.* at 4-5; *see also*

Remand Op. at 18. Thus, Commerce's Remand Results fully comply

with the Remand Order by applying the *Fedmet I* Metric legal standard

and by planning to develop the administrative record in the way

contemplated by the Court.

In commenting on Commerce's Draft Results, neither the

Committee nor Fedmet contended that Commerce failed to comply with

the Remand Order. *See* Committee Cmts. on Draft Results at 1 (stating

that "Commerce should continue to comply with the *Remand Opinion*

by finding, under respectful protest, that the samples fall outside the

scope"); Fedmet Cmts. at 2 (stating that the Draft Results "compl{y}

with the Remand Order and instructs {CBP} that the seven samples for

which {Commerce} has concluded test results for added alumina are on

the record are not covered MCBs"). In its comments related to

9

Commerce's Remand Results, the Committee contends that the Court

misinterpreted *Fedmet I* and requests that the Court exercise its

discretion to revisit its interpretation.  *See* Committee Cmts. at 6-27.

Although the Court has authority to reconsider interlocutory orders

such as the Remand Order under USCIT Rule 54(b), unless and until

the Court does so, the agency must comply with the Court's Remand

Order.  Because Commerce has complied with the Court's Remand

Order, the Remand Results should be sustained.

## III.  The Relief That The Committee Seeks, Reconsideration Of The Court's Remand Opinion, Should Have Been Sought Through A Motion For Reconsideration Under Rule 54(b)

The Committee's comments focus entirely on requesting that the

Court "reconsider its decision" in the Remand Opinion.  *See* Committee

Cmts. at 1; *see also id.* at 6-27.  Requests for reconsideration of non-final

(or interlocutory) orders such as the Court's Remand Order are

governed by USCIT Rule 54(b).  "USCIT Rule 54(b) permits a court to

'revise' or reconsider any order 'which adjudicates fewer than all the

claims or the rights and liabilities of fewer than all the parties' — that

is, any order of interlocutory judgment — 'at any time before the entry

of judgment adjudicating all the claims and the rights and liabilities of

all parties.'" *Ereğli Demir Ve Çelik Fabrikalari T.A.Ş. v. I.T.C.*, 639 F. Supp. 3d 1245, 1251 (Ct. Int'l Trade 2023) (quoting USCIT R. 54(b)); *see also ABB Inc. v. United States*, 375 F. Supp. 3d 1348, 1352 (Ct. Int'l Trade 2019) (considering defendant-intervenors' motion for reconsideration of a remand order pursuant to USCIT Rule 54(b) because the remand order is an interlocutory order); *NEXTEEL Co., Ltd. v. United States*, 389 F. Supp. 3d 1343, 1347-48 (Ct. Int'l Trade 2019) (same); *but see NSK Corp. v. United States*, 593 F. Supp. 2d 1355, 1362-63 & n.7 (Ct. Int'l Trade 2008) (declining to consider a motion for reconsideration of a remand order under USCIT Rule 54(b) and holding that "Rule 59(a)(2) authorizes the Court to rehear any motion before the court, regardless of whether it concerns a final judgment or an appealable order").  Given the Court's rule and the legal standard governing reconsideration of remand orders, the Court should first consider whether it is appropriate to treat the Committee's request for reconsideration of the Remand Order as currently styled.

Although the grant or denial of a motion for reconsideration under USCIT Rule 54(b) lies within the sound discretion of the Court, several principles guide the Court in determining whether reconsideration is

11

warranted.  "A court may reconsider a non-final judgment, pursuant to

USCIT Rule 54 'as justice requires,' meaning when the court determines

that 'reconsideration is necessary under the relevant circumstances.'"

*Ereğli Demir*, 639 F. Supp. 3d at 1251 (quoting *Irwin Indus. Tool Co. v.*

*United States*, 269 F. Supp. 3d 1294, 1300-01 (Ct. Int'l Trade 2017),

*aff'd*, 920 F.3d 1356 (Fed. Cir. 2019)).  "Factors a court may weigh when

contemplating reconsideration include whether there has been a

controlling or significant change in the law or whether the court

previously 'patently' misunderstood the parties, decided issues beyond

those presented, or failed to consider controlling decisions or data."  *Id.*

(quoting *Irwin,* 269 F. Supp. 3d at 1300-01) (other citations omitted); *see*

*also Perry Chem. Corp. v. United States*, 415 F. Supp. 3d 1260, 1266 (Ct.

Int'l Trade 2019) (same).  "The movant carries the burden of proving

that 'some harm, legal or at least tangible,' would accompany a denial of

the motion."  *Ereğli Demir*, 639 F. Supp. 3d at 1251  (quoting *Irwin,* 269

F. Supp. 3d at 1300-01) (other citations omitted).  "A motion for

reconsideration is not, however, an opportunity for the losing party to

re-litigate the case or present arguments it previously raised."  *ABB*

*Inc.*, 375 F. Supp. 3d at 1352.

The Committee does not address the standard governing USCIT
Rule 54(b) motions.  Instead, in its comments, the Committee asserts,
by highlighting differences in the underlying facts of *Fedmet I* and this
case, that the Court misinterpreted *Fedmet I*.  *See* Committee Cmts. at
8-27.  Most notably, the Committee asserts that the bricks at issue in
*Fedmet I* are different from the ones at issue in this case and, thus,
*Fedmet I* cannot be interpreted as resolving the "question of whether
refractory bricks with some added alumina (but not enough to qualify as
MAC bricks) are excluded."  *Id.* at 25.  In short, the Committee contends
that the Federal Circuit in *Fedmet I* did not address what constitutes a
MAC brick or where the breakpoint should be in differentiating MCBs
from MAC bricks.  *See id.*  This Court already found this issue to be
irrelevant because, although *Fedmet I* acknowledges that MCBs and
MAC bricks can overlap, the Federal Circuit still found that the
addition of any alumina to an MCB takes it outside of the scope.  *See*
Remand Op. at 14-15.  The Committee's disagreement with the Court's
analysis is insufficient to support a USCIT 54(b) motion for
reconsideration.  *See, e.g.*, *ABB Inc.*, 375 F. Supp. 3d at 1354
("Hyundai's arguments on this point amount to nothing more than

13

disagreement with the court's decision, which is an insufficient basis for reconsideration{.}") (cleaned up).

Notwithstanding the Court's explanations on its reliance on and the relevance of *Fedmet I* and despite the differences between the bricks in question, the Committee contends that the Court should exercise its inherent authority to reconsider its Remand Opinion, relying on this Court's decisions in *Midwest Fastener Corp. v. United States*, 494 F. Supp. 3d 1335 (Ct. Int'l Trade 2021), and *Legacy Classic Furniture, Inc. v. United States*, 867 F. Supp. 2d 1321 (Ct. Int'l Trade 2012). Committee Cmts. at 7-8. Both cases are inapposite because, in each, the Court *sua sponte* determined that reconsideration was warranted. In *Midwest Fastner Corp.*, the Court *sua sponte* reconsidered its prior ruling on scope language due to a Federal Circuit decision issued before the conclusion of briefing on the remand results because that decision "interpret[ed] nearly identical language" in the orders. 494 F. Supp. 3d at 1338. In *Legacy Classic Furniture, Inc.*, the Court *sua sponte* reconsidered its remand order "[u]pon review of the *Remand Results,* upon further examination of the record, and upon further consideration of the unique circumstances presented in this case[.]" 867 F. Supp. 2d

14

at 1333-34. Thus, these cases do not support the Committee's reconsideration request.

In this case, after Commerce filed the Remand Results, the Committee asks this Court to reconsider the Remand Opinion in its entirety as a matter of law because the Committee disagrees with the Court's interpretation of *Fedmet I. See* Committee Cmts. at 6-27. Under USCIT Rule 54(b), the Committee is required to demonstrate that reconsideration is warranted based on a "controlling or significant change in the law or whether the court previously 'patently' misunderstood the parties, decided issues beyond those presented, or failed to consider controlling decisions or data." *Irwin,* 269 F. Supp. 3d at 1300-01 (other citations omitted). Again, the Committee does not address this legal standard.

Finally, regardless of how the Court resolves the Committee's reconsideration request, no further remand to the agency is warranted. If this Court denies the Committee's request for reconsideration, then the Court should sustain Commerce's remand redetermination. Alternatively, if the Court were to grant the Committee's reconsideration request, the Court should sustain Commerce's Final

15

Determination in the covered merchandise inquiry in which it applied the Five Percent Alumina Standard. *See Final Determination*, 88 Fed. Reg. at 28,495.

## **CONCLUSION**

For these reasons, we respectfully request that the Court sustain Commerce's Remand Results and enter judgment for the United States. Alternatively, if the Court were to grant the Committee's reconsideration request, the Court should sustain Commerce's Final Determination in the covered merchandise inquiry.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

OF COUNSEL:

CHARLIE CHUNG
Attorney
Office of the Chief Counsel
for Trade Enforcement &
Compliance
U.S. Department of Commerce

/s/ Antonia R. Soares
ANTONIA R. SOARES
Senior Trial Counsel
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
(202) 305-7405 (Telephone)
Email: antonia.soares@usdoj.gov

July 3, 2025

Attorneys for Defendant

17

<u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this brief complies with the word limitation of Court of International Trade Standard Chambers Procedures § 2(B)(1) and contains 2,839 words, excluding the parts of the brief exempted from the word limitation.  In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.

<u>/s/ Antonia R. Soares</u>
ANTONIA R. SOARES

## <u>CERTIFICATE OF SERVICE</u>

I certify under penalty of perjury that on this 3rd day of July 2025, a copy of the foregoing "DEFENDANT'S REPLY IN SUPPORT OF THE REMAND REDETERMINATION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<u>/s/ Antonia R. Soares</u>
ANTONIA R. SOARES