IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

———————————————————————

|  |  |  |
|---|---|---|
| FEDMET RESOURCES CORPORATION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Court No. 23-00117 |
| UNITED STATES, | ) ) | |
| Defendant, | ) ) | |
| MAGNESIA CARBON BRICKS FAIR TRADE COMMITTEE, | ) ) ) | |
| Defendant-Intervenor. | ) ) | |

———————————————————————

COMMENTS OF FEDMET RESOURCES CORPORATION
IN SUPPORT OF REMAND REDETERMINATION

R. Will Planert
Donald B. Cameron
Julie C. Mendoza
Brady W. Mills
Mary S. Hodgins
Eugene Degnan
Jordan L. Fleischer
Edward J. Thomas III
Nicholas C. Duffey
Jenny (Shiyu) Liang

MORRIS, MANNING & MARTIN LLP
1333 New Hampshire Ave, N.W.
Suite 800
Washington, D.C. 20036
(202) 216-4819

*Counsel to Fedmet Resources Corporation*

July 17, 2025

## TABLE OF CONTENTS

I.  INTRODUCTION ..................................................................................2

II. ARGUMENT........................................................................................3

    A. MCBFTC Has Failed Identify A Basis For The Court To
        Reconsider Its Decision In This Action............................................3

    B. Commerce Complied With The Court's Remand Order ..................8

III. CONCLUSION ..................................................................................10

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*ABB Inc. v. United States,*
 375 F. Supp. 3d 1348 (Ct. Int'l Trade 2019) ....................................... 4

*Cobell v. Norton,*
 355 F. Supp. 2d 531 (D.D.C. 2005) ....................................................... 4

*Irwin Indus. Tool Co. v. United States,*
 269 F. Supp. 3d 1294 (Ct. Int'l Trade 2017) .............................. 4, 7, 8

*Fedmet Resources Corp. v. United States,*
 755 F.3d 912 (Fed. Cir. 2014) ...................................................... *passim*

*Totes-Isotoner Corp. v. United States,*
 32 C.I.T. 1172 (2008) ............................................................................. 4

## GLOSSARY

| AD/CVD | Antidumping Duty and Countervailing Duty |
|--------|-------------------------------------------|
| CAFC | Court of Appeals for the Federal Circuit |
| CBP | U.S. Customs and Border Protection |
| MAC Brick | Magnesia Alumina Carbon Brick |
| MCB | Magnesia Carbon Brick |
| MCBFTC | Magnesia Carbon Bricks Free Trade Committee |
| USCIT | U.S. Court of International Trade |

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

_____

|  |  |  |
|---|---|---|
| FEDMET RESOURCES CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Court No. 23-00117 |
| UNITED STATES, | ) ) | |
| Defendant, | ) ) | |
| MAGNESIA CARBON BRICKS FAIR TRADE COMMITTEE, | ) ) ) | |
| Defendant-Intervenor. | ) ) | |

_____

COMMENTS OF FEDMET RESOURCES CORPORATION
IN SUPPORT OF REMAND REDETERMINATION

Pursuant to the Court's April 10, 2025 Order, ECF 63, Plaintiff

Fedmet Resources Corporation ("Fedmet") hereby comments on the

March 12, 2025 Remand Redetermination of the U.S. Department of

Commerce ("Commerce"), ECF 58-1 ("Remand Redetermination"), and

responds to the May 30, 2025 comments on the Remand

Redetermination filed by Defendant-Intervenor Magnesia Carbon

Bricks Fair Trade Committee ("MCBFTC"), ECF 65.

1

## I.    INTRODUCTION

Commerce's Remand Redetermination followed the Court's instructions in *Fedmet Resources Corp. v. United States*, Ct. No. 23-00117, Slip Op. 24-136 (Ct. Int'l Trade Dec. 12, 2024), ECF 56 ("Remand Order"), to reconsider its decision in light of the standard confirmed by the U.S. Court of Appeals for the Federal Circuit ("CAFC") in *Fedmet Resources Corp. v. United States*, 755 F.3d 912 (Fed. Cir. 2014) (hereinafter "*Fedmet Resources*"). That decision held that the addition of alumina to a magnesia carbon brick ("MCB") takes it outside of the scope of the antidumping and countervailing duty ("AD/CVD") orders on MCBs from China. Commerce reconsidered the record before it, which contained x-ray diffraction test results confirming that seven of the tested samples had added alumina, and found that this demonstrated that the bricks were outside the scope of the orders on MCBs from China. Commerce further affirmed that it would instruct U.S. Customs and Border Protection ("CBP") to evaluate the remaining four samples against the CAFC standard. That is, Commerce instructed CBP that if it finds any of the remaining four samples contain any added alumina, that they are also not covered MCBs.

Although styled as comments in opposition to Remand Redetermination, MCBFTC does not claim that Commerce failed to comply with the Remand Order in any respect. Instead, MCBFTC takes issue with the Court's Remand Order and presents what is in substance a motion for reconsideration. MCBFTC has, however, failed to satisfy the standard for reconsideration under the rules of this Court and has otherwise failed to identify any error in the Court's decision and remand order. Accordingly, the Court should affirm the Remand Redetermination.

II.    ARGUMENT

A. MCBFTC Has Failed Identify A Basis For The Court To Reconsider Its Decision In This Action

MCBFTC does not contend that Commerce's failed to comply with Remand Order. Rather it presents further argumentation as to why, in its view, the Court's Remand Order was in error. While styled as comments in opposition to remand, MCBFTC's comments are, in reality, a request for reconsideration of the Court's decision. Such a request should have been brought in a motion pursuant to USCIT Rule 54(b).

Under Rule 54(b), the Court may consider a motion to alter or amend a judgment "'as justice requires, meaning when the court

3

determines that reconsideration is necessary under the relevant circumstances.'" *ABB Inc. v. United States*, 375 F. Supp. 3d 1348, 1352 (Ct. Int'l Trade 2019) (quoting *Irwin Indus. Tool Co. v. United States*, 269 F. Supp. 3d 1294, 1301 (Ct. Int'l Trade 2017), *aff'd*, 920 F.3d 1356 (Fed. Cir. 2019)). A request for reconsideration "is not, however, an opportunity for the losing party 'to re-litigate the case or present arguments it previously raised.'" *ABB Inc.*, 375 F. Supp. 3d at 1352 (quoting *Totes-Isotoner Corp. v. United States*, 32 C.I.T. 1172, 1173 (2008)). A court may consider "whether there has been a controlling or significant change in the law or whether the court previously patently misunderstood the parties, decided issues beyond those presented, or failed to consider controlling decisions or data," *Irwin Indus. Tool Co.*, 269 F. Supp. 3d at 1301, but "{d}isagreement with the court's determinations, without more, is not sufficient cause for reconsideration." *Id.* Also, "{t}he movant carries the burden of proving that 'some harm, legal or at least tangible,' would accompany a denial of the motion." *Id.* (quoting *Cobell v. Norton*, 355 F. Supp. 2d 531, 540 (D.D.C. 2005)).

In its remand comments MCBFTC does precisely what the foregoing authorities forbid in a motion under Rule 54(b): attempt to re-litigate the merits of the case relying on arguments that were considered by the Court. In particular, MCBFTC argues that the Court has misinterpreted the holding of the CAFC in *Fedmet Resources* by finding that "the addition of any alumina to an MCB takes it outside the orders." ECF 65 at 8-9 (quoting Remand Order at 15).

MCBFTC's argument resurrects its contention that in the original investigation, the explicit exclusion by Resco, the Petitioner and a member of MCBFTC, of magnesia alumina carbon ("MAC") bricks was only supposed to cover what MCBFTC calls "high-alumina MAC bricks," *i.e.*, bricks with at least 30 percent alumina that were already were already excluded from the scope by having less than 70 percent magnesia, and not, "low-alumina MAC bricks," *i.e.*, bricks with less than 30 percent magnesia that have greater than or equal to 70 percent magnesia. ECF 65 at 12-13. Thus, according to MCBFTC, in stating there was "no cut-off point at which the addition of alumina to an MCB transforms it into a MAC brick," the CAFC in *Fedmet Resources* really meant that there was no cut-off point for alumina between bricks with

70 percent or more magnesia and bricks with less than 30 percent magnesia. ECF 65 at 20.

This claim finds no support in the CAFC's opinion in *Fedmet Resources* and mischaracterizes the issue before that court. The CAFC would have had no cause to consider whether there was a cut-off point between what MCBFTC refers to as "high-alumina MAC bricks" and "low-alumina MAC bricks" because "high-alumina MAC bricks" as defined by MCBFTC would *always* be outside the scope of the orders by virtue of their magnesia content alone. Contrary to MCBTC's portrayal, the CAFC's observation regarding the absence of a cut-off point for alumina content arose precisely because Resco in the investigation had unequivocally excluded *all* MAC bricks without qualification. *Fedmet Resources* at 922. This led the CAFC to hold that the possibility of including within the orders MAC bricks that contained 70 percent or more alumina, *i.e.*, the area of potential overlap between MCBs and MAC bricks, had been "surrendered" by Resco, *id.* at 921 ("To the extent that MCBs and MAC bricks do in fact overlap to some degree, the overlap was surrendered by Resco's failure to provide a technical definition or "cut off point" when asked to be more specific."), and

6

therefore, "{e}ven if, in fact, MCBs do overlap to some extent with MAC bricks, there would be no inconsistency between our interpretation of the (k)(1) sources and the orders because the latter are limited to only 'certain' MCBs." *Id.* at 922 n.7.

That element of the CAFC's decision is precisely what the Court relied on in holding in this action that Commerce could not now attempt to establish a five percent alumina cut-off for non-subject MAC bricks. Remand Order at 15 (quoting *Fedmet Resources* at 921-922, 922 n.7). MCBFTC has failed to identify any misapprehension on the part of the Court that conceivably could support reconsideration of that holding. To the contrary, the Court thoroughly considered and rejected MCBFTC's arguments in support of the five percent cut-off and held instead that the addition of alumina to an MCB makes it an out-of-scope MAC brick. Remand Order at 13-16. MCBFTC's continued disagreement with the Court's conclusion is not grounds for reconsideration. *See Irwin Indus. Tool Co.*, 269 F. Supp. 3d at 1301 ("Disagreement with the court's

determinations, without more, is not sufficient cause for reconsideration.").[1]

## B. Commerce Complied With The Court's Remand Order

In its Remand Order, the Court confirmed that, pursuant to the standard confirmed by the CAFC, the addition of any alumina to an takes it outside of the scope of the orders on MCBs from China. Remand Order at 16. The Court further found that seven of the tested samples had added alumina and are therefore outside the scope of the orders on MCBs from China, and that x-ray diffraction testing must be performed on the remaining four samples to determine whether they contain added alumina. Remand Order at 16-18.

The Remand Redetermination complies with the Remand Order and instructs U.S. Customs and Border Protection ("CBP") that the

---

[1] MCBFTC's argument relies entirely on its contention that the bricks at issue in *Fedmet Resources* are different than the ones at issue in this case. ECF 65 at 25 ("{T}here was no dispute between the parties that the bricks functioned as MAC bricks as understood within the industry."). As Fedmet has explained in its Rule 56.2 brief, *see* ECF 36 at 34-35, and in its Reply Brief, *see* ECF 45 at 19, this is not correct, as is apparent from Fedmet's original May 3, 2011 request for scope ruling, which is on the record of the companion Enforce and Protect Act appeal before this Court. *See Fedmet v. United States*, Ct. No. 21-248, ECF 21-21 at CR032787 (showing the chemical properties summing to 100% fully comprised of oxidized compounds).

seven samples for which Commerce concluded test results for added alumina are on the record are not covered MCBs. Remand Redetermination at 8. In addition, the Remand Redetermination correctly states that Commerce will instruct CBP that, if it finds that the four remaining samples contain any added alumina, they are also not covered MCBs. *Id.* While Commerce is aware that CBP already has this information,[2] and thus could have determined that none of the 11 samples tested by CBP are covered MCBs, Commerce's instructions to CBP to make that determination are consistent with the Remand Order. As there is no disagreement among the parties that Commerce complied with the Remand Order, the Remand Redetermination should be affirmed.

---

[2] The results of CBP's retest of these samples are on the record of the companion Enforce and Protect Act appeal before this Court. *See Fedmet v. United States*, Ct. No. 21-248, ECF 56-8 at Confidential Record Doc No. 29.

## III.   CONCLUSION

For the foregoing reasons, Commerce's Remand Redetermination

must be affirmed.

Respectfully submitted,

/s/ R. Will Planert
R. Will Planert
Donald B. Cameron
Julie C. Mendoza
Brady W. Mills
Mary S. Hodgins
Eugene Degnan
Jordan L. Fleischer
Edward J. Thomas III
Nicholas C. Duffey
Jenny (Shiyu) Liang

MORRIS, MANNING & MARTIN LLP
1333 New Hampshire Ave, N.W.
Suite 800
Washington, D.C. 20036
(202) 216-4819

*Counsel to Fedmet Resources
Corporation*

10

*Certificate of Compliance*

The undersigned hereby certifies that the foregoing brief complies with the Standard Chambers Procedures of the U.S. Court of International Trade in that it contains 1,484 words including text, footnotes, and headings and excluding the table of contents, table of authorities, and counsel's signature block, according to the word count function of Microsoft Word 365 used to prepare this brief.

/s/ R. Will Planert

Dated: July 17, 2025