UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| FEDMET RESOURCES CORPORATION, ) ) ) ) *Plaintiff,* ) ) v. ) ) UNITED STATES, ) ) *Defendant,* ) ) and ) ) MAGNESIA CARBON BRICKS ) FAIR TRADE COMMITTEE, ) ) *Defendant-Intervenor.* ) ) | Court No. 23-00117<br><br>**PUBLIC DOCUMENT** |

DEFENDANT-INTERVENOR'S REPLY TO PLAINTIFF'S AND
DEFENDANT'S REMAND COMMENTS

Defendant-Intervenor Magnesia Carbon Bricks Fair Trade Committee (the "Committee") provides this reply to the comments in support of the *Final Redetermination* submitted by Defendant on July 3, 2025 (ECF No. 66) ("*Def. Cmts.*") and by Plaintiff on July 17, 2025 (ECF No. 67) ("*Pl. Cmts.*").

## I. RECONSIDERATION IS APPROPRIATE

Plaintiff and Defendant do not dispute that this Court has inherent authority to reconsider its interlocutory orders. *See Committee's Cmts.* (ECF No. 65) at 7-8. They nonetheless assert that the Committee should have filed a separate "motion for reconsideration," implying that the Committee's comments are untimely, and they contend that there is no basis for reconsideration. These arguments lack merit and should be rejected.

USCIT Rule 54(b) states that non-final orders "may be revised at any time before the entry of a judgment." Because "there is no time limit for a motion pursuant to USCIT Rule 54(b)," *Irwin Indus. Tool Co. v. United States*, 269 F. Supp. 3d 1294 at n.8 (Ct. Int'l Tr. 2017) ("*Irwin*"), any such motion is timely if filed before the entry of judgment. The Committee did not style its comments as a "motion for reconsideration" because this Court's orders instructed the parties to submit "comments" following Commerce's redetermination. Remand Order (Dec. 12, 2024) at ¶¶ 4-5 (ECF. No. 57); Scheduling Order at ¶ 1 (April 10, 2025) (ECF No. 63).

No party was prejudiced by how the comments were styled. Both

Plaintiff and Defendant had an opportunity to oppose the Committee's request that the Court revisit certain conclusions made in its *Remand Opinion*. Moreover, the Committee is entitled to preserve arguments for further appeal, and this Court is entitled to briefing on the Department of Commerce's remand redetermination before it enters final judgment. Requiring the Committee to seek reconsideration before Commerce issued its remand redetermination would have only wasted the resources of both the Court and the parties.

Plaintiff and Defendant also contend that the Committee is improperly seeking to "relitigate" issues. *See Pl. Cmts.* at 4-5. But in its initial brief appealing Commerce's original CMI scope ruling, Plaintiff never asserted that, under *Fedmet CAFC,* bricks with *any* alumina are excluded even if they are not MAC bricks. Plaintiff merely argued that "1. The Federal Circuit Confirmed That All Magnesia Alumina Carbon Bricks Are Excluded From The Orders" and that "2. Commerce's Covered Merchandise Inquiry Expanded The Scope Of The Order To Include Magnesia Alumina Carbon Bricks." *Pl. Br.* (Dec. 21, 2023) at 25-29 (ECF No. 37-1). The Committee therefore had no reason in its response brief to address whether *Fedmet CAFC* resolved scope

3

questions pertaining to bricks containing some alumina but not enough to qualify as MAC bricks. *See Committee's Resp. Br.* (March 11, 2024) (ECF No. 42). By holding that non-MAC bricks with trace amounts of alumina are outside the scope of the orders, the *Remand Opinion* "decided issues beyond those presented," which on its own is a basis for reconsideration. *Irwin*, 269 F. Supp. 3d at 1301.

More fundamentally, reconsideration is appropriate "to correct a clear factual or legal error." *T.A.S. v. United States*, 639 F. Supp. 3d 1245, 1251 (Ct. Int'l Tr. 2023). As the Committee's comments explain, the *Remand Opinion* erred by taking *Fedmet CAFC's* holding — that there is no distinction for scope purposes between low-alumina MAC bricks and high-alumina MAC bricks — and extending it to conclude that there is also no distinction between low-alumina MAC bricks and *non-MAC bricks* containing only small or trace amounts of alumina. *See* Committee's Cmts. (May 30, 2025) at 17-20 (ECF No. 65). Neither Plaintiff nor Defendant cite any reason to conclude that *Fedmet CAFC* addressed that separate question.

Finally, the Committee agrees with the government's position that, if the Court reconsiders its decision, it "should sustain Commerce's

4

Final Determination in the covered merchandise inquiry in which it applied the Five Percent Alumina Standard. *See Final Determination*, 88 Fed. Reg. at 28,495." *Def. Cmts*. at 15-16.

## II. NON-RECORD EVIDENCE SHOULD BE DISREGARDED

Plaintiff asserts that the Committee's argument relies on an assumption (disputed by Plaintiff) that the bricks at issue in *Fedmet CAFC* were different from those at issue in this CMI. *Pl. Cmts.* at 8, n.1. That is incorrect. The Committee simply observes that the bricks in *Fedmet CAFC* were (1) deemed to be "MAC" bricks, a point that was never disputed in that litigation, and (2) excluded from the scope precisely *because* they were "MAC" bricks. *See Committee's Cmts*. (May 30, 2025) at 17-21 (ECF No. 65). Consequently, *Fedmet CAFC* does not resolve this case, where there is a dispute over whether the bricks at issue qualify as "MAC" bricks and where Commerce was tasked with resolving that dispute and determining whether the bricks do or do not qualify as "MAC" bricks in the first place.

Plaintiff contends that the bricks at issue in *Fedmet CAFC* and this CMI are identical, pointing to a document that is not part of the administrative record. *Pl. Cmts.* at 8, n.1. Even more problematic, the

referenced document is confidential and remains under seal in another case. *Id.*, citing Ct. No. 21-248, ECF No. 21-21 at "CR032787." The Committee is therefore precluded from discussing the substance of that document in this appeal and explaining why it does not support Plaintiff's position. This Court's review is limited to the record before the agency. *See* 19 U.S.C. § 1516a(b)(2)(A). Because the cited document was not before Commerce in the CMI that is the subject of this appeal, it should be disregarded.

                                      Respectfully submitted,

                                      */s/ Daniel Schneiderman*
                                      J. Michael Taylor
                                      Daniel L. Schneiderman

                                      KING & SPALDING LLP
                                      1700 Pennsylvania Avenue, NW
                                      Washington, DC 20006
                                      (202) 737-0500

                                      *Counsel for Defendant-Intervenor*

July 23, 2025

## CERTIFICATE OF COMPLIANCE
## WITH WORD COUNT LIMITATIONS

Pursuant to paragraph 2(B)(2) of the U.S. Court of International Trade's *Standard Chambers Procedures*, the undersigned certifies that this brief complies with applicable word count limitations. Exclusive of the exempted portions, as provided in paragraph 2(B)(1), this brief includes <u>912</u> words. In preparing this certificate, the undersigned has relied upon the word count feature of the word-processing system used to prepare the submission.

<u>*/s/ Daniel L. Schneiderman*</u>
Daniel L. Schneiderman

KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 737-0500

*Counsel for Defendant-Intervenor*

July 23, 2025